UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURETEC INSURANCE COMPANY,

        Plaintiff,

v.                         Case No. 8:10-cv-2794-T-33MAP

CAIRNS CORPORATION, et al.,

        Defendants.
_____/

**<u>ORDER</u>**

    This cause is before the Court pursuant to Plaintiff SureTec Insurance Company's Motion for Default Final Judgment Against Defendants Cairns Corporation, Abinitio Holdings, Inc., Robert Cairns, Katerina Cairns, and Lightstone Company (Doc. # 19), which was filed on February 2, 2011. SureTec requests an order granting final default judgment against the Defendants.

    In this matter, SureTec issued payment and performance surety bonds on behalf of contractor Cairns for which Cairns, Abinitio, Robert Cairns and Katerina Cairns executed an agreement of indemnity in favor of SureTec. (Doc. # 1 at 2-4). After incurring costs and expenses to investigate, adjust, defend, satisfy and otherwise resolve claims against the bonds, SureTec demanded that the Defendants reimburse it for all amounts incurred and for attorney's fees and costs.

1

Id. at 4-5.  The Defendants have failed and refused to reimburse SureTec.  Id. at 5.

## I. **Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment.  See Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered.  Id.  A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting

those facts on appeal. <u>Id.</u>

## II. <u>Analysis</u>

SureTec filed this action against the Defendants on December 14, 2010. (Doc. # 1). The Defendants were served with the complaint and summons on December 15, 2010, but failed to file responsive papers. (Docs. ## 3, 4, 5, 6, 7). On January 11, 2011, SureTec filed a Motion for Entry of Clerk's Default as to each Defendant. (Docs. ## 8, 9, 10, 11, 12). Accordingly, the Clerk entered defaults as to each Defendant pursuant to Rule 55(a), Fed.R.Civ.P., on January 13, 2011. (Docs. ## 13, 14, 15, 16, 17).

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the Complaint, the Motion, and the Affidavit of SureTec's Director of Contract Support Services, Scott Olson, indicating the total amount of losses SureTec has accrued (Doc. # 19-1), the Court determines that the Motion is due to be granted.

SureTec is entitled to the relief requested, namely, judgment against the Defendants[1], jointly and severally, for

---

[1] "SureTec has no reason to believe that any of the Defendants are engaged in active military service and none of the Defendants is an infant or incompetent person." (Doc. # 19-1 at 3).

damages, the costs of this action[2], prejudgment interest at 18% per annum for all recoverable damages, and attorney's fees accrued pursuant to the investigation, defense and satisfaction of the lawsuits arising out of the claims against the bonds. Specifically, SureTec is entitled to: $156,204.50 for claims paid; $26,185.55 for recoverable fees and costs; $1,330.00 for mediation costs, and $2,927.23 for prejudgment interest, for a total of $186,647.28. SureTec is also entitled to an award of post-judgment interest at the interest rate applicable at the time of the entry of the judgment pursuant to 28 U.S.C. § 1961, until paid. Finally, SureTec requests that certain addresses be included in the judgment to ensure that the judgment will create a valid lien on the Defendants' property.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) SureTec Insurance Company's Motion for Default Final Judgment Against Defendants Cairns Corporation, Abinitio Holdings, Inc., Robert Cairns, Katerina Cairns, and

---

[2] SureTec requests leave to file a motion as to its reasonable attorney's fees and costs incurred in prosecuting this indemnity action. SureTec submits that it has not included these fees and costs in the amount sought herein. (Doc. # 19-1 at ¶ 8, 12).

      Lightstone Company (Doc. # 19) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of SureTec Insurance Company, whose address is 9737 Great Hills Trail, Suite 320, Austin, Texas 78759, and against Defendants: (i) Cairns Corporation, whose last known address is 5303 E. Longboat Blvd., Tampa, Florida 33615; (ii) Abinitio Holdings, Inc., whose last known address is 5303 E. Longboat Blvd., Tampa, Florida 33615; (iii) Robert Cairns, whose last known address is 5303 E. Longboat Blvd., Tampa, Florida 33615; (iv) Katerina Cairns, whose last known address is 5303 E. Longboat Blvd., Tampa, Florida 33615; and (v) Lightstone Company, whose last known address is 5303 E. Longboat Blvd., Tampa, Florida 33615, jointly and severally for $186,647.28, which amount shall accrue interest pursuant to 28 U.S.C. § 1961 at the interest rate applicable at the time of the entry of the judgment, until paid.

(3) SureTec is entitled to its reasonable attorney's fees and costs for prosecuting this indemnity action. SureTec may file a motion for attorney's fees and costs with the Court within ten days of the date of this Order.

(4)   The Clerk is directed to **CLOSE THIS CASE**.[3]

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of March, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

---

[3]   The Court will address the matter of attorney's fees and costs regardless of whether, at the time SureTec files its request for attorney's fees and costs, this case has been closed by the Clerk.

6